# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) 2:20-CR-266-9 |
| | ) |
| THOMAS PIERCE, JR., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Before the Court are Mr. Pierce's *pro se* "motion for early termination of supervision" (ECF 789) and his *pro se* "motion for return of property – travel request and request to be released from supervised release" (ECF 790).[1]  For the reasons below, the Court will grant Mr. Pierce's motion to travel, but deny the other relief requested.

**I.   "Motion for return of property – travel request and request to be released from supervised release" (ECF 790)**

With this motion, Mr. Pierce requests return of his passport and permission to travel internationally on a cruise in July 2024.  ECF 790.  The government does not oppose this request, nor does it oppose the Court entering an order directing the United States Probation Office to return Mr. Pierce's passport for this limited purpose provided he surrenders it on his return.  ECF 794.  The Court too agrees with the parties on this, and so grants Mr. Pierce's motion.

**II.   "Motion for early termination of supervision" (ECF 789)**

Mr. Pierce's motion for early termination of supervised release is a different story.  "In considering a request for early termination and after considering the

---

[1] Mr. Pierce also filed a "motion for an (answer) for early release from supervision." ECF 792.  Because the Court ordered, received, and considered briefing from both parties, the Court denies this motion as moot.

- 1 -

relevant factors under 18 U.S.C. § 3583(e) and the defendant's conduct, the Court must then find that early termination is in 'the interest of justice.'" *United States v. Wilson*, No. 19-8, 2023 WL 2957427, at *1 (W.D. Pa. Apr. 14, 2023) (Ranjan, J.).

There are three main considerations in assessing the interest of justice: (1) "whether the initial term of supervised release was subject to a mandatory minimum period"; (2) "the amount of time served on supervised release and history of compliance (both during supervised release and other supervision periods)"; and (3) "unforeseen or new circumstances." *Id.* "There should generally be a good reason—beyond simple compliance—to terminate supervised release early." *Id.* (citing *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020)).

In support of his motion for early release, Mr. Pierce states that he "has complied with all requirements of his supervised release" and that he "has paid all fines and restitution required." ECF 789. That is commendable, but also expected. "Compliance with the conditions of supervision, including refraining from engaging in criminal conduct, is *required* behavior while serving a term of supervised release." *United States v. Welling*, No. 20-cr-167, 2021 WL 409834, at *1 (W.D. Pa. Feb. 5, 2021) (Conti, J.) (emphasis in original). At the time of sentencing, Mr. Pierce was subject to a term of supervised release of at least two years, with a Guidelines range of two to three years of supervised release. *United States v. Pierce*, No. 22-cr-1, ECF 12 (citing 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D), U.S.S.G. § 5D1.2(c)). On May 31, 2022, Mr. Pierce was sentenced to time served and three years of supervised release, no fine, and no restitution. *United States v. Pierce*, No. 22-cr-1, ECF 21. While it is commendable that Mr. Pierce has served approximately two years of his sentence without incident, that is not enough. Importantly, Mr. Pierce has provided no new or good reason to terminate his supervised release early

beyond "simple compliance." Early termination is not in "the interest of justice." So the Court denies the motion.

*   *   *

Therefore, after careful consideration, it is hereby **ORDERED** that Thomas Pierce, Jr.'s "motion for return of property – travel request and request to be released from supervised release" (ECF 790) is **GRANTED**. The United States Probation Office is hereby **ORDERED** to return Mr. Pierce's passport to him for the limited purpose of his international travel. Mr. Pierce must surrender his passport to the United States Probation Office on his return to the United States. The Court will also enter a separate order, authorizing the travel, so that Mr. Pierce can take that order with him on his cruise.

**IT IS FURTHER ORDERED** that Mr. Pierce's "motion for early termination of supervision" (ECF 789) is **DENIED**.

**IT IS FURTHER ORDERED** that Mr. Pierce's "motion for an (answer) for early release from supervision" (ECF 792) is **DENIED** as moot.

Date: June 12, 2024                                             BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge